An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

DEL WEBB COMMUNITIES, INC.; PN II, INC.; AND TERRAVITA HOME CONSTRUCTION CO.,
Petitioners,
vs.
THE EIGHTH JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA, IN AND FOR THE COUNTY OF CLARK; AND THE HONORABLE TIMOTHY C. WILLIAMS, DISTRICT JUDGE,
Respondents,
and
RONALD L. WEISS; ALVIN DEMPSEY; KRISTI DEMPSEY; ROBERT JACOBSON; PRISCILLA JACOBSON; ROBERT HALE; HENRI HALE; JAMES MCCARTHY; GLORIA MCCARTHY; WILLIAM & MARGARET BOTTS FAMILY TRUST; RICHARD WUBBEL; BURNADETTE WUBBEL; SCHNEIDER FAMILY TRUST; LAMONTE MCLEMORE; DENNIS OBREGON TRUST; KEVIN C. LUSH; TAMI DAYMUDE-LUSH; KENNETH HERMAN; ROBERT GAMBIT; GLORIA GAMBIT; YOSHIMOTO FAMILY TRUST; BOYLE 1985 LIVING TRUST, AMGT.; JOHN GUNDERSON; KAREN GUNDERSON; PAYNE FAMILY TRUST; BALJIT DEOL; JASKIRAN DEOL; RICHARD ERLICH; SUZY ERLICH; MICHELLE AND GEORGE ANSCOMB TRUST; MARY AUGUST TRUST; LARRY J. ODLE TRUST; DAVID WARD RICHDALE TRUST; BARBARA ALLEN; KATHLEEN GILLESPIE; NINA HARTWELL TRUST;

No. 60518

FILED

FEB 1 5 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

13-04980

SUPREME COURT
OF
NEVADA

(O) 1947A

LAURA MACAULAY; MARIE SUE MACAULAY; LAURA ANN MACAULAY; FORD FAMILY TRUST; AND GREGORY M. & MARY E. MATIYA REVOCABLE TRUST, INDIVIDUALLY AND/OR IN THEIR INDIVIDUAL CAPACITIES AND AS CLASS REPRESENTATIVES ON BEHALF OF SIMILARLY SITUATED HOMEOWNERS WITHIN THE ANTHEM COUNTRY CLUB DEVELOPMENT,
Real Parties in Interest.

## ORDER DENYING PETITION FOR WRIT OF MANDAMUS OR PROHIBITION

This original petition for a writ of mandamus, or alternatively, prohibition, challenges a district court order granting a motion for class certification in a construction defect lawsuit.

A writ of mandamus is available to compel the performance of an act that the law requires or to control an arbitrary or capricious exercise of discretion. NRS 34.160; International Game Tech. v. Dist. Ct., 124 Nev. 193, 197, 179 P.3d 556, 558 (2008). A writ of prohibition may be warranted when the district court exceeds its jurisdiction. NRS 34.320. Either writ is an extraordinary remedy, Smith v. District Court, 107 Nev. 674, 677, 818 P.2d 849, 851 (1991), and it is petitioners' burden to demonstrate that our intervention is warranted. Pan v. Dist. Ct., 120 Nev. 222, 228, 88 P.3d 840, 844 (2004).

Petitioners contend that the district court acted arbitrarily and capriciously in concluding that NRCP 23's class action prerequisites were satisfied, and they ask that we order the district court to de-certify the class. A review of the record, however, demonstrates that the district

court exercised its considered discretion in analyzing NRCP 23's prerequisites and in determining that a class action was the superior method of adjudicating plaintiffs' claims.[1]  NRS 34.160; International Game Tech., 124 Nev. at 197, 179 P.3d at 558.  Accordingly, we

ORDER the petition DENIED.

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Cherry

cc:    Hon. Timothy C. Williams, District Judge
       Koeller Nebeker Carlson & Haluck, LLP/Las Vegas
       Bourassa Law Group, LLC
       Eighth District Court Clerk

---

[1]We note that, in exercising its discretion, the district court expressly stated that class certification "shall be conditional, and may be altered, amended or revoked pursuant to NRCP 23(c)(1)."